IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samual Earl Ramu, ) | C/A No.: 1:21-197-BHH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ) | |
| Major Jeff Johnson, Director of ) | |
| Florence County Detention Center, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Samual Earl Ramu ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983, alleging violation of his Fourteenth Amendment rights against Major Jeff Johnson ("Defendant"), Director of the Florence County Detention Center ("FCDC"), in his individual and official capacities, regarding alleged unsanitary conditions found at FCDC, including in the showers and contaminated drinking water. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.).

This matter comes before the court on Plaintiff's motions to compel, for extensions of time, and to change his address. [ECF Nos. 32, 33, 38]. Also before the court is Defendant's motion for extension of time to file dispositive motions. [ECF No. 37].

Plaintiff filed the motion to compel on April 28, 2021, arguing that he had served on Defendant two sets of discovery requests and had received no response. [ECF No. 32]. As provided by the scheduling order entered in this case, discovery was scheduled to close on May 3, 2021, with dispositive motions due by June 2, 2021. [ECF No. 18]. Plaintiff additionally filed a motion for extension of time to complete discovery, requesting additional time to secure discovery from Defendant. [ECF No. 33]. Plaintiff has also filed a motion informing the court that he has been transferred to the Kirkland Reception and Evaluation Center and that his legal materials were not transferred with him, also asking, in part, for additional time to receive the test results regarding the water at FCDC that he had sent to be tested. [ECF No. 38].

In response, Defendant argues that he "has raised the defense of qualified immunity in his Answer and is therefore entitled to resolution of this issue before being subject to the burdens of litigation, including discovery,"[1] but that, notwithstanding, Defendant responded to Plaintiff's written discovery requests "by correspondence dated April 27, 2021 and May 11, 2021." [ECF No. 34]. Defendant additionally opposes Plaintiff's motion for

---

[1] Defendant has not filed a motion to dismiss on the basis of qualified immunity, nor has the court ruled on this issue; therefore, Defendant's argument that he should not subjected to the burden of discovery on this basis is without merit. Once a defendant files an answer, the court issues a scheduling order, which permits discovery.

2

extension for time to complete discovery, arguing "the discovery deadline has passed, and Defendant is in the process of preparing an appropriate dispositive motion and allowing such extension would delay this matter." [ECF No. 35]. Notwithstanding his objection to an extension of the discovery deadline, Defendant filed a motion to extend the dispositive motions deadline from June 2, 2021 to July 2, 2021. [ECF No. 37].

Plaintiff has informed the court that the discovery he has received is deficient in multiple ways as follows:

> I am missing dates of grievance from the kiosk 10-13-2020, 8-10-2020, 8-20-2020, and 9-5-2020 also in addition Defendant keeps objecting and says my discovery requests for the pictures that were taken of the shower during the time Defendant was Director of the jail seeks response from [the] jail rather than Defendant also the date and time United States Marshall Stewart Cottingham come in B-pod and observed the blueish/greenish stains in Gregory Allen Bonnie's room also the amount of people who have developed ear infections, skin infection in the years 2020–2021 . . . .

[*See* ECF No. 36 at 1–2]. Defendant does not directly address Plaintiff's arguments, but has provided the court with his discovery response. In these responses, Defendant asserts (1) he has provided Plaintiff's grievances, (2) he "is not personally in possession . . . or aware of the existence" of pictures that were taken of the shower, (3) "information requested [concerning Cunningham] is unknown to Defendant Johnson as Defendant Johnson has retired from his employment at FCDC," and (4) he is "not aware of any

3

documentation that exists responsive to" Plaintiff's request concerning "the amount of people that developed ear infections, skin infections in the years 2020–2021." [*See* ECF Nos. 34-2, 34-3]. Defendant additionally represents that he "has fully responded to the written discovery requests that are at issue in Plaintiff's pending motion to compel." [ECF No. 34 at 2].

Based on Defendant's representations, Plaintiff's motion to compel is denied. [ECF No. 32].[2] The court grants the motions for extensions of time. [ECF Nos. 33, 37, 38]. Discovery shall be completed no later than July 16, 2021. Dispositive motions are due by August 13, 2021.

IT IS SO ORDERED.

*Shiva V. Hodges*

May 27, 2021
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

---

[2] Pursuant to Fed. R. Civ. P. 26(e), the parties are reminded they are under a continuing obligation to supplement their discovery responses if they later learn that a response is materially incomplete or inaccurate.