## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Samual Earl Ramu, | ) | C/A No.: 1:21-197-BHH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | ORDER |
| Major Jeff Johnson, Director of | ) | |
| Florence County Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Samual Earl Ramu ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 against Major Jeff Johnson ("Defendant"), Director of the Florence County Detention Center ("FCDC"), in his individual and official capacities, alleging violation of Plaintiff's Fourteenth Amendment rights regarding alleged unsanitary conditions found at FCDC, including in the showers and contaminated drinking water. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.).

This matter comes before the court on Plaintiff's motion to deny any and all summary judgment and grant monetary relief requested [ECF No. 43], motion for issuance of a subpoena [ECF No. 45], and motion for monetary relief or trial [ECF No. 46].

In his first motion, notwithstanding the title, Plaintiff appears to request the court direct Defendant to answer certain outstanding discovery requests and offers the evidence he has gathered thus far in anticipation of a motion for summary judgment that Defendant may file in the future. [*See* ECF Nos. 43, 47]. Regarding the discovery requests, it appears the court has previously addressed Plaintiff's concerns in denying his motion to compel [*see* ECF No. 39] or addresses his concerns below in his motion for issuance of a subpoena. Regarding any response to Defendant's motion for summary judgment, such a motion has not been filed and the deadline to do so is not until August 13, 2021. Provided that Defendant files a motion for summary judgment, Plaintiff will be given directions regarding filing a response and an opportunity to do so. Accordingly, the undersigned denies Plaintiff's motion as premature.[1]

Plaintiff's second motion is entitled "subpoena[] for evidence from Florence County Detention Center and testimony from officers from FCDC and U.S. Marshal," in which Plaintiff requests certain testimony from roughly 10 employees at FCDC "who can attest to the [relevant] conditions" found at FCDC during the relevant time period, pictures that were taken of

---

[1] To the extent Plaintiff seeks a court order directing Defendant to meet with Plaintiff to discuss settlement [ECF No. 43 at 3], the parties are free to engage in such discussions at any time, but the undersigned declines the invitation to become involved in them.

the showers located at FCDC, and information about individuals who developed relevant medical concerns while at FCDC in 2020. [ECF No. 45]. This evidence is the same evidence, at least in part, that was the subject of Plaintiff's motion to compel that was previously denied by the court. [*See* ECF Nos. 32, 39].

For example, regarding Plaintiff's requests for pictures and for information about individuals who developed relevant medical concerns, including ear and skin infections, while housed at FCDC, Defendant responded that he was not aware of any documentation responsive to these requests, presumably including documentation in possession of FCDC, where Defendant represented that "counsel for Defendant is seeking to determine if any documentation responsive to this request is maintained at FCDC." [*See* ECF No. 34-1 at 2, ECF No. 34-2 at 2–3, *see also* ECF No. 34-3 at 3–4].

Therefore, it appears that at least some of the information sought by Plaintiff does not exist. To the extent Plaintiff seeks information that does exist, such as testimony from numerous FCDC employees about the conditions at FCDC, it is unclear if the testimony sought is proportional to the needs of the case where Plaintiff has submitted numerous declarations from inmates attesting to the same. [*See* ECF Nos. 1-1, 15, 16, 42]. Finally, Plaintiff has failed to show that he can pay the costs associated with serving the subpoenas or the costs of witness fees. There is no requirement under 28

U.S.C. § 1915 that the court pay costs incurred with regard to a subpoena. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived); *see also Nance v. King*, C/A No. 88-7286, 1989 WL 126533, at *1 (4th Cir. Oct. 18, 1989) (unpublished opinion). For these reasons, Plaintiff's motion for issuance of a subpoena is denied.

Turning to his motion for monetary relief or trial, Plaintiff appears to again provide an overview of his case based on "the evidence I can provide and evidence that has not been provided to me," requesting that no future summary judgment be granted to Defendant. [ECF No. 46 at 11]. For the same reasons as stated above, Plaintiff's motion is denied as premature.

In sum, Plaintiff's motions to deny summary judgment [ECF No. 43], for issuance of a subpoena [ECF No. 45], and for monetary relief or trial are denied. [ECF No. 46].

IT IS SO ORDERED.

*Shiva V. Hodges*

July 14, 2021
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge