UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISON

| | |
|---|---|
| Samual Earl Ramu,<br><br>               Plaintiff,<br><br>vs.<br><br>Major Jeff Johnson, Director of Florence County Detention Center,<br><br>               Defendant. | Civil Action No. 1:21-197-BHH<br><br>**OPINION AND ORDER** |

Plaintiff Samual Earl Ramu ("Plaintiff") brought this civil action pursuant to 42 U.S.C § 1983, alleging violations of his constitutional rights due to contaminated drinking water provided during his incarceration as a pretrial detainee at the Florence County Detention Center ("FCDC"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by Magistrate Judge Hodges on October 14, 2021. (ECF No. 73.) In her Report, the Magistrate Judge recommends that this Court grant Defendant Major Jeff Johnson, Director of Florence County Detention Center's ("Defendant") motion for summary judgment (ECF No. 55). The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

---

[1] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

1

**BACKGROUND**

Magistrate Judge Hodges issued the Report on October 14, 2021. (ECF No. 73.) Plaintiff filed objections on October 29, 2021. (ECF No. 75.) Defendant filed a reply to Plaintiff's objections on November 3, 2021. (ECF No. 76.) Plaintiff filed a sur-reply on November 15, 2021. (ECF No. 78.) The matter is ripe for consideration and the Court now issues the following ruling.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.* If a party fails to file any specific objections, this Court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

**DISCUSSION**

In her Report, Magistrate Judge Hodges found: (1) to the extent Plaintiff sues Defendant in his official capacity, Defendant is not subject to suit under § 1983 (ECF No.

73 at 7); (2) Defendant is entitled to qualified immunity because Plaintiff has failed to demonstrate that Plaintiff filed objections to the Report (*id.* at 13); (3) Defendant's motion for summary judgment should be granted on Plaintiff's claims against Defendant in his individual capacity based on supervisory liability because, among other reasons, Defendant has submitted uncontroverted evidence that when he served as the administrator of the FCDC he was not in charge of the water or water quality used by the FCDC, the water was provided by the City of Florence and consumed by staff, officers, detainees, and inmates, with no known outbreaks of illness that have been traced back to the water provided at the FCDC (*id.* at 14).

Plaintiff submitted objections to the Report which the Court has carefully reviewed. (ECF Nos. 75 & 78.) Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).

Upon review, the court finds that Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate his claims. No new facts or arguments are presented that have not already been previously encompassed in Plaintiff's other filings in this case. All arguments asserted in Plaintiff's objections were addressed both in Defendant's Motion for Summary Judgment and in Magistrate Judge Hodge's Report. Plaintiff's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. Therefore, after a thorough review of the Report, the record, and the applicable law, the Court finds that Plaintiff's objections are without merit.

**<u>CONCLUSION</u>**

For the reasons set forth above, the Report (ECF No. 73) of the Magistrate Judge is ADOPTED and incorporated herein. The Court OVERRULES Plaintiff's objections (ECF Nos. 75 & 78). Defendant's motion for summary judgment (ECF No. 55) is GRANTED.

**IT IS SO ORDERED.**

<u>/s/ Bruce Howe Hendricks</u>
United States District Judge

March 31, 2022
Charleston, South Carolina